UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TERRELL DARRON JORDAN a/k/a<br>TRACY D. HALSELL<br>    Plaintiff, | Case No. 1:23-cv-416<br>McFarland, J.<br>Litkovitz, M.J. |
| vs. | |
| WHITE HOUSE ADMINISTRATION, et al.,<br>    Defendants. | **REPORT AND<br>RECOMMENDATION** |

Pro se plaintiff Terrell Darron Jordan filed a complaint in the Court of Common Pleas, Hamilton County, Ohio against the "White House Administration" and President Joe Biden. (Doc. 2). The government removed the matter to this federal court. (Doc. 1).

On August 10, 2023, the government moved to dismiss plaintiff's complaint for lack of jurisdiction. (Doc. 6). On August 11, 2023, the Court issued a separate Notice, which advised plaintiff that failure to respond to the government's motion within 21 days from the date listed on the certificate of service could result in the dismissal of his case. (Doc. 7). On November 22, 2023, the Court issued an Order to plaintiff to show cause, in writing and within fourteen days of the date of the Order, why the Court should not dismiss this case for lack of prosecution. (Doc. 9). The Order notified plaintiff that failure to comply with the terms of the Order could result in a recommendation to the District Judge that this action be dismissed. (*Id.*). To date, more than fourteen days later, plaintiff has not filed a response to the Order to Show Cause.

"Federal courts possess certain 'inherent powers . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 137 S. Ct. 1178, 1186 (2017) (quoting *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962)). Plaintiff's failure to respond to the Court's Order to Show Cause (Doc. 9) warrants exercise of the Court's inherent power and dismissal of this case pursuant to Fed. R.

Civ. P. 41(b) for failure to prosecute this matter.  *See Link*, 370 U.S. at 630-31; *Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991).

**IT IS THEREFORE RECOMMENDED THAT:**

1.  This case be **DISMISSED** with prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

2.  The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*.  Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals.  *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 12/9/2023

Karen L. Litkovitz
Chief United States Magistrate Judge

2

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

TERRELL DARRON JORDAN a/k/a  
TRACY D. HALSELL  
    Plaintiff,

Case No. 1:23-cv-416  
McFarland, J.  
Litkovitz, M.J.

vs.

WHITE HOUSE ADMINISTRATION, et al.,  
    Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).